ORIGINAL FILED

08 JUL 21 PH 2: 26

RICHARD W. WIEKING
U.S. DISTRICT COURT

1  TOMAS E. MARGAIN, Bar No. 193555
   JACOB SIDER, Bar No. 236084
2  LAW OFFICES OF TOMAS E. MARGAIN
   1550 Bryant Street, Suite 725
3  San Francisco, CA 94103
   Telephone: 415-861-9600
4  Fax:       415-861-9622
   margainlaw@hotmail.com

Attorneys for Plaintiffs MIKE E. MORRISON
and BOBBY G. SHEPHERD

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

**C08 03489 EDL**

| | |
|---|---|
| MIKE E. MORRISON and BOBBY G. SHEPHERD<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN BENWARD COMPANY, INC.<br><br>Defendant | Case No.:<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL**<br>Federal FLSA Claim:<br>   1. Failure to pay overtime and minimum wage: 29 U.S.C. §§ 207, 216(b), and 255(a);<br>California State Claims:<br>   2. Failure to pay overtime and minimum wages (California Labor Code §§ 1194(a); 1815);<br>   3. Breach of Contract<br>   4. Failure to Provide Meal Periods (California Labor Code § 226.7);<br>   5. Failure to Provide Accurate Pay Stubs and Records; Submitting False and Fraudulent Certified Payroll Records (California Labor Code §§ 226, 1174, 1776, IWC Wage Order No. 16 § 6);<br>   6. Failure to Pay Wages Due at End of Employment (California Labor Code §§ 201, 203); and<br>   7. Violation of California Business and Professions Code §§ 17200; |

1

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

## NATURE OF CLAIM

1. This is a action by two construction workers who worked as operating engineers and laborers against their employer for unpaid overtime wages, unpaid wages including unpaid prevailing wages on Public Works Construction projects, interest, penalties, damages and attorneys' fees and costs arising out of the failure to pay all wages for labor discharged including but not limited to overtime and minimum wages as required by the Fair Labor Standards Act and California law. The plaintiffs seek compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, a liquidated damages assessment under California Labor Code § 1194.2, penalties under California Labor Code § 226 (wage stub violations), attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b). Plaintiffs also seek premium wages, which are minimum wage obligations, for the failure to "authorize or permit" them from taking rest breaks and meal periods.

2. Plaintiffs claims can be summarized as follows:

(a) <u>Failure to pay overtime wages</u>: When Plaintiffs worked more than 8-hours in a day (CA Labor Code sections 510 & 1194) or 40-hours in a week (FLSA), Defendant did not pay them all of their overtime wages.

(b) <u>Failure to pay prevailing wages</u>: Plaintiffs performed labor as operating engineers on a various Public Works construction projects subject to the payment of prevailing wages which required the payment of Prevailing Wages by operation of contract and State Law. Defendant failed to pay the Prevailing Wages, for the labor Plaintiffs discharged, as determined and disseminated by the State of California's Department of Industrial Relations. This leads to liability under California law and a higher regular rate for purposes of overtime wages due and owed under California law and the FLSA.

(c) Lunch and Break Claims: Plaintiffs were not authorized or permitted to take 10-

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

minute rest breaks every 4-hours in which they performed compensable labor. Moreover, Plaintiffs were not always permitted to take a meal period of at least 30 minutes and as such are owed an additional hour in wages.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

4. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

## PARTIES

5. Plaintiffs MIKE E. MORRISON and BOBBY G. SHEPHERD were and at all relevant times herein are individuals over the age of eighteen employed by Defendant during the statute of limitations in this action.

6. Plaintiffs are informed and believe and therefore allege, that at all times mentioned herein Defendant JOHN BENWARD COMPANY, INC. is engaged in the business of construction, maintenance and repair in Northern California with particularity in Sonoma, Marin and Mendocino Counties.

7. Plaintiffs are informed and believe and thereupon alleged that JOHN BENWARD COMPANY, INC., were hired to perform construction of various Public Works or Prevailing Wage Construction Projects ("PROJECTS") funded in whole or in part by the public funds. Based on a preliminary investigation, Defendant employed Plaintiffs on PROJECTS which include but or not limited to the following:

      a.    First Street West, Sonoma Capital Improvement Project;

      b.    California State Hospital Water Line Relocation;

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

    c.    Pythian Road State Park Road Access

    d.    Petaluma High School, Building Pads for Portables;

    e.    Napa Junior College, Tennis Court General Improvements

    f.    Church Street Sonoma Water Main Replacement;

    g.    East Napa Street, Sonoma, Sidewalk Improvement

    h.    Old Redwood Highway Soccer Field Construction;

    i.    Yountville Cross Road Water Line Replacement

    j.    Napa Road and 8th Street Intersection Construction;

    k.    Loma Vista Drive, Valley of the Moon Water line Replacement;

    l.    Rohnert Park City Hall Drive Housing Project

**GENERAL ALLEGATIONS**

8. DEFENDANT employed Plaintiffs at all relevant times within the statute of limitations in this action on private construction projects and on PROJECTS subject to prevailing wage obligations. Plaintiffs primarily worked as operating engineers through at times they discharged the labor of laborers, teamsters, cement masons, carpenters, and other crafts recognized by Prevailing Wage laws.

9. At various times, DEFENDANT compensated Plaintiffs for their labor on the PROJECTS at a rate of pay below the prevailing wage rate of pay for the classification of their labor.

10. DEFENDANT did not compensate Plaintiffs for their labor by making any fringe benefit contributions that could offset the prevailing wage rate of pay for the classification of their labor. This leads to a higher regular rate, by operation of law, which increased the overtime wages due and owing.

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

11. While DEFENDANT did make some pension, vacation, or other contributions that could offset some Prevailing Wage obligations, it failed to annualize said contributions between Public Work and Private construction projects such that it failed to properly pay fringe benefit contributions. This leads to a higher regular rate, by operation of law, which increased the overtime wages due and owing.

12. DEFENDANT did not compensate Plaintiffs for their labor during their entire employment by paying overtime wages when due and owing. Said failure to pay was willful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under California Labor Code section 203.

13. DEFENDANT did not authorize or permit Plaintiffs to take 10-minute rest breaks every 4-hours of work and did not permit Plaintiffs to always take an unpaid 30 minute meal period.

## COUNT ONE
## FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
29 U.S.C. §§ 207, 216(b), and 255(a)
*Failure to Pay Overtime Wages and Minimum Wages*

14. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-13 as if fully stated herein.

15. At all relevant times herein, plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

16. DEFENDANT is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

17. DEFENDANT routinely required and/or suffered or permitted Plaintiffs to work more than 40 hours per week, sometimes without paying them any wages at all for such overtime

work, and routinely without paying them any overtime premium for hours worked in excess of 40 hours per week.

18. DEFENDANT routinely failed to pay Plaintiffs the prevailing wage for their labor on the PROJECTS, pursuant to California law.

19. In failing to pay Plaintiffs overtime wages at one-and-one-half times their regular rate of pay, including hours for which Plaintiffs received no compensation, and in failing to pay the minimum wage DEFENDANT willfully violated the FLSA.

20. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages and lost minimum wages in an amount to be proved at trial.

21. Defendant intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their proper wages, and thus defendants are liable to plaintiffs for liquidated damages in an amount equal to their lost wages over a three year statute of limitations pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

22. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**PENDENT STATE CLAIM**
*Violation of California Labor Code §§ 510, 1771-1810, 1194, 1194.2 & 1197*
*Failure to Properly Pay Minimum Wages and Overtime on Public Works and Private Construction Projects*

23. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-22 as if fully stated herein.

24. At all times mentioned herein, Plaintiffs were employed in execution of PROJECTS subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771 & 1774, regarding work undertaken on public construction projects. Pursuant to Labor Code §§ 1771 &1774, all employees, including Plaintiffs, hired in execution of PROJECTS, shall be paid

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

for their work on the PROJECTS not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work. Said Prevailing Wage rates are disseminated by the State of California's Department of Industrial Relations and pursuant to California laws and Regulations all contractors in the execution of a public works construction project are mandated by law to pay these minimum wages.

25. At all times mentioned herein, DEFENDANT was subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771, 1774 and 1815, regarding work undertaken on public works construction projects. Pursuant to Labor Code §§1771, 1774 and 1815, DEFENDANT had a duty to pay their employees on such projects, including Plaintiffs who were employed in the execution of the contract of the PROJECTS, not less than one and one-half times their basic prevailing rate of pay for holiday and overtime work, as specified in annual and semi-annual bulletins published by the California Department of Industrial Relations.

26. At all times mentioned herein, DEFENDANT was subject to the overtime wage laws of the State of California pursuant to Labor Code §510, regarding work undertaken on private construction projects. Pursuant to Labor Code §510, DEFENDANT had a duty to pay their employees, including Plaintiffs, who worked on such private constructions projects not less than the one and one-half times their contractually agreed upon regular rate of pay for non-public works construction projects for all hours worked in excess of 8 hours a day and 40 hours a week.

27. Plaintiffs are informed and believe and based thereon contend that for work performed the PROJECTS, they were paid less than the required minimum prevailing rate for non-holiday and non-overtime hours and less than the required minimum prevailing rate for holiday and overtime work as required by Labor Code §§1771, 1774 and 1815; and for non-public works

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

construction projects they were paid less than one and one-half times their regular rate of pay, or not at all, for the hours worked in excess of 8 hours a day and 40 hours a week as required by California Labor Code § 510.

28. Plaintiffs therefore contend that for their work performed on the PROJECTS, DEFENDANT violated Labor Code §§ 1771, 1774 and 1815, specifically by failing and refusing to comply with the statutory duty to pay Plaintiffs' or to ensure that Plaintiffs be paid, prevailing wages and prevailing wage for holiday and overtime work as required by the contracts and by statute. Plaintiffs also contend that for non-public works construction projects, the said DEFENDANT violated Labor Code §510, specifically by failing and refusing to comply with the statutory duty to pay Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of 8 hours a day or 40 hours a week as required by statute.

29. Pursuant to Labor Code § 1194, for their work on the PROJECTS, Plaintiffs seek as earned but were not paid minimum prevailing wages and required minimum prevailing wage for holiday and overtime work; and for their work on non-pubic works construction projects, Plaintiffs seek as earned but unpaid overtime compensation for hours worked in excess of 8 hours a day or 40 hours a week.  Plaintiffs are entitled to and therefore request an award of pre-judgment interest on the unpaid wages set forth herein. Plaintiffs also seek an assessment under Labor Code § 1194.2.

30. Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

**COUNT THREE**
**PENDENT STATE CLAIM**
*Failure to Provide Rest Periods and Meal Periods*
*California Labor Code § 226.7*

31. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-30 as if fully stated

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

herein.

32. At all relevant times herein, Plaintiffs' employment with DEFENDANT was subject to the provisions of California Labor Code § 226.7, which requires employers to provide employees a ten minute rest period for every four hours worked.

33. During their employment with Defendant, Plaintiffs worked at least 4 hours a day, and were not always provided any or all rest periods as required by law.

34. For each time that Plaintiffs were not provided the required rest period, they are entitled to recover one additional hour of pay at each Plaintiff's regular rate of compensation pursuant to California Labor Code section 226.7.

35. During their employment with Defendant, Plaintiffs worked at least 5 hours a day, and were not always allowed to take an unpaid 30-minute meal period.

36. For each time that Plaintiffs were not provided the required meal period, they are entitled to recover one additional hour of pay at each Plaintiff's regular rate of compensation pursuant to California Labor Code section 226.7.

37. Plaintiffs are therefore entitled to payment, in an amount to be proved at trial with DEFENDANT liable for an extra hour of pay for each rest period missed by Plaintiffs. Said premium pay is a minimum wage obligation, pursuant to California Labor Code section 1194, for rest periods not afforded on Public Works Construction Projects.

38. Plaintiffs are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay for miss meal periods by Plaintiffs while working on PROJECTS pursuant to California Labor Code § 1194, and interest pursuant to California Labor Code § 218.6.

**COUNT FOUR**
**PENDENT STATE CLAIM**
*California Labor Code § 226 & 1174*
*Wage Stubs and Record Keeping*

39. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-54 as if fully stated herein.

40. At all times relevant hereto, DEFENDANT was subject to the provisions of IWC Wage Order 16-2001, and Labor Code §§ 226 and 1174, which require employer to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three years; and to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

41. DEFENDANT knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226. Such failures in DEFENDANT's itemized wage statements included, among other things, not accurately showing the number of all hours worked, including overtime hours, in each pay period and/or incorrectly reporting gross wages earned.

42. As a direct result of DEFENDANT's failure, Plaintiffs were injured and entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $100.00 for each violation up to $4,000.00.

43. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this action.

**COUNT FIVE**
**PENDENT STATE CLAIM**
*California Labor Code Section 203*
*Waiting Time Penalties*

44. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-43 as if fully stated herein.

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

45. At the time Plaintiffs' employment with Defendants was terminated, DEFENDANT owed Plaintiffs certain unpaid overtime wages as previously alleged, and such wages owed each Plaintiff were ascertainable at the time of termination.

46. Failure to pay wages owed at an employee's termination as required by Labor Code §§ 201 and 202 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

47. As of this date, DEFENDANT has failed and refused, and continues to fail and refuse, to pay the amount due, thus making each such defendants liable to Plaintiffs for penalties equal to thirty (30) days wages.

## COUNT SIX
## PENDENT STATE CLAIM
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

48. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-62 as if fully stated herein.

49. At all times relevant herein, Plaintiffs' employment with DEFENDANT was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain minimum prevailing wages, overtime for work performed in excess of 40 hours per week or 8 hours per day unless specifically exempted by the law, and also required plaintiffs to be paid premium pay for missed rest periods.

50. At all times relevant herein, the employer of Plaintiffs, DEFENDANT was subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs certain minimum prevailing wages, overtime pay as required by applicable state and federal laws and failed to pay premium pay for missed

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

meal/rest periods, to all of which Plaintiffs were legally entitled, with JOINT EMPLOYER DEFNDANTS keeping to themselves the amount which should have been paid to Plaintiffs.

51. In doing so, DEFENDANT violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and the FLSA, and thus giving them a competitive advantage over other employers and businesses with whom DEFENDANT was in competition and who were in compliance with the law.

52. As a direct and proximate result of DEFENDANT' violations and failure to pay the required minimum prevailing wages and overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in amount to be proved at trial.

53. DEFENDANT has been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs minimum prevailing wages and overtime pay due.

54. Plaintiffs, having been illegally deprived of the minimum prevailing wages and overtime pay to which they were legally entitled, herein seek restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

55. Plaintiffs bring this count on their own behalf only, and as a claim for restitution, over a four-year statute of limitations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For compensatory damages per for all wages earned but not paid, all overtime wages earned and not paid and the failure to pay Prevailing Wages and applicable fringe benefits which are an item of prevailing wages in the amount to be proved at trial;

2. For liquidated damages per the FLSA equal to unpaid overtime and minimum wages;

3. For unpaid premium pay for rest periods which were not authorized or permitted;

4. For restitution of unpaid minimum prevailing wage, overtime pay and meal/rest period premium pay;

5. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid minimum wage under California Labor Code §§ 1194(a);

6. For "waiting-time" penalties under California Labor Code §203.

7. For "liquidated damages" under California Labor Code §1194.2 for the failure to pay minimum wages;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. For costs of suit herein;

10. For actual damages or a statutory penalty for non-compliant wage stubs; and

11. For such other and further relief as the Court may deem appropriate.

Dated: July 21, 2008

Respectfully submitted,

By: _____
TOMAS E. MARGAIN
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs herein demand trial by jury in this action.

Dated: July 21, 2008

Respectfully submitted,

By: _____
    TOMAS E. MARGAIN
    Attorneys for Plaintiffs

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there are no such interested entities or persons to report.

Dated: July 21, 2008

Respectfully submitted,

By: _____
    TOMAS E. MARGAIN
    Attorneys for Plaintiffs

COMPLAINT (FLSA; PENDANT STATE CLAIMS)